MORRISON TENENBAUM, PLLC
87 Walker Street, Second Floor,
New York, NY 10013
Telephone: (212) 620-0938
Attorneys for Timur Akilov

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:

                                         Chapter 11

SVG 26 LLC d/b/a ALTON DISTILLERY,

                                         Case No. 25-44613(ESS)

               Debtor.
--------------------------------------------------------X

## MOTION TO RECONSIDER DISMISSAL ORDER OR IN THE ALTERNATIVE TO ANNUL AUTOMATIC STAY

Timur Akilov (the "Movant" or the "Purchaser"), by his undersigned counsel, respectfully moves this Court pursuant to 11 U.S.C. §§ 105(a) and 362(d), Federal Rules of Bankruptcy Procedure 9024 and 9023, and Federal Rule of Civil Procedure 60(b), for reconsideration and modification of this Court's Order Dismissing This Bankruptcy Case entered February 3, 2026 (the "Dismissal Order"), and in support thereof states as follows:

### PRELIMINARY STATEMENT

This motion seeks to redress a manifest injustice. Purchaser was the successful bidder at auction for the Debtor's assets. Despite the auction sale being properly commenced and conducted, the wholly unauthorized bankruptcy petition — filed without corporate authority after a foreclosure auction was commenced by minutes before it was concluded — operates to void that completed, good-faith foreclosure sale. This simply should not be the case.

The Court dismissed this Chapter 11 case pursuant to 11 U.S.C. § 1112(b), but denied the portions of the prior motion seeking (i) a declaration that the petition was void ab initio and (ii) retroactive stay relief. As a result, the automatic stay is treated as having been in effect at the time of the September 25, 2025 foreclosure auction, thereby rendering the sale void.

The consequence is extraordinary. A case the Court has determined should not proceed now operates to unwind a completed foreclosure sale conducted in good faith, in reliance on public records, and without notice of any bankruptcy filing. The petition was unauthorized under the Debtor's governing documents and was filed *pro se* on behalf of a limited liability company, in complete derogation of New York law.

The equities overwhelmingly favor reconsideration here.  Absent such relief, an unauthorized filing will be permitted to achieve the precise tactical objective it was designed to accomplish — nullification of a foreclosure sale — despite the fact that the case itself was unauthorized and not properly commenced.  Indeed, the case itself is a nullity that has the effect of depriving Purchaser of its rights.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2), including (A), (G), and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

The relevant facts are reflected in the record and are not in dispute. A foreclosure auction of the Debtor's property was duly noticed for September 25, 2025. On the evening of September 24, 2025, and again at approximately 9:30 a.m. on September 25, 2025, counsel for the foreclosing lender conducted PACER searches and found no bankruptcy filing.

2

The foreclosure auction commenced around 10:30 a.m.  At approximately 10:38 a.m. on September 25, 2025, one of the Debtor's principals hand-filed a *pro se* Chapter 11 petition. The Debtor's other principal disclaimed all knowledge of the petition and confirmed it was filed without proper authorization. The foreclosure auction concluded at approximately 10:45 a.m.

On February 3, 2026, the Court entered the Dismissal Order dismissing the case under § 1112(b) but denied the requests to declare the petition void ab initio and to grant stay relief.  As a result, the unauthorized and improperly filed petition still triggered the automatic stay, and the foreclosure sale is presently treated as void.

## DISCUSSION

### A. The Court Should Reconsider the Dismissal Order and Grant Those Portions of the Motion Seeking to Void the Petition

Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60(b), which permits a court to relieve a party from a final order for specified reasons, including "mistake" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). The rule reflects the balance between finality and equity – preserving the integrity of judgments while allowing courts to prevent unjust results in exceptional circumstances. *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

Relief under Rule 60(b)(6) permits reconsideration on "extraordinary circumstances" or where enforcement of the order would work a manifest injustice. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988); *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). The Second Circuit has repeatedly emphasized that Rule 60(b)(6) is reserved for situations where the equities are compelling and the resulting hardship is substantial. *In re Johns-Manville Corp.*, 759 F.3d 206, 219 (2d Cir. 2014); *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983).

In determining whether relief is warranted, courts consider:

- whether extraordinary circumstances exist;

- whether enforcement of the order would produce an inequitable or unintended result;

- whether the movant faces substantial hardship absent relief;

- whether the equities strongly favor modification; and

- whether the motion was made within a reasonable time.

*See Stevens*, 676 F.3d at 67; *Johns-Manville*, 759 F.3d at 219; Fed. R. Civ. P. 60(c).

The Second Circuit has made clear that Rule 60(b)(6) relief is appropriate where enforcement of an order would work a manifest injustice in light of the full factual record. Stevens, 676 F.3d at 67; *Johns-Manville*, 759 F.3d at 219.

Rule 60(b) relief is proper here.  The Dismissal Order properly terminated this Chapter 11 case; however, the order's present effect permits a filing that was both unauthorized under state law and procedurally unlawful under federal law to invalidate a completed foreclosure sale conducted without notice of the bankruptcy filing. That consequence is not inherent in dismissal itself. It arises from the mechanical application of § 362(a) to a filing that did not validly invoke § 301.

Absent modification, the dismissed case continues to operate in a manner that imposes substantial hardship on a good-faith purchaser while conferring a benefit on an entity whose case was dismissed and whose filing lacked both corporate authority and legal capacity. The confluence of defects here – lack of corporate authority, unlawful pro se filing, timing of the hand-filed petition, and dismissal of the case – constitutes the type of extraordinary circumstance contemplated by Rule 60(b)(6).

4

**B. The Petition Did Not Validly Invoke Section 362(a)**

Section 301(a) of the Bankruptcy Code provides that a case is commenced "by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor." 11 U.S.C. § 301(a). The automatic stay arises "upon the filing of a petition under section 301." 11 U.S.C. § 362(a). The statutory trigger is precise. The stay arises upon the filing of a petition under section 301. It does not arise upon the filing of any document labeled "petition." It arises only upon the filing of a petition by a debtor properly invoking the Court's jurisdiction under § 301.

Two independent defects prevent the filing here from qualifying as a petition under § 301. First, the petition was filed without corporate authority. Authority to commence a bankruptcy case on behalf of a corporate entity derives from state law and the entity's governing documents. The Supreme Court has held that where those purporting to act on behalf of a corporation lack authority under local law, the bankruptcy court "has no alternative but to dismiss the petition." *Price v. Gurney*, 324 U.S. 100, 106 (1945). Authority is a prerequisite to invocation of bankruptcy jurisdiction. It is not a mere internal irregularity.

Second, the petition was filed pro se by a non-lawyer on behalf of a limited liability company. It has long been settled that artificial entities may appear in federal court only through licensed counsel. 28 U.S.C. § 1654; *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries… that a corporation may appear in the federal courts only through licensed counsel"). Courts apply this rule strictly. *See, e.g.*, *Lattanzio v. COMTA*, 481 F.3d 137 (2d Cir. 2007); *In re Bellerive Springs Bldg. Corp.*, 127 B.R. 219, 220 (Bankr. E.D. Mo. 1991) (Striking the petition filed by a pro se corporation because it is "axiomatic that a corporate chapter 11 petition must be filed by a licensed attorney admitted to

practice before the Bankruptcy Court); *SilverStar Capital Group I, LLC v. Ioia*, 2015 U.S. Dist. LEXIS 125777, \*3 (E.D.N.Y. 2015) ("…any business entity, such as a partnership, unincorporated association or limited liability company cannot appear pro se"). A filing made by a non-lawyer purporting to represent a corporate entity is procedurally improper and legally ineffective.

The petition here suffered from both defects simultaneously. It was filed by a non-lawyer, and it was filed without the authorization required by the Debtor's operating agreement. The individual who filed it was not legally permitted to represent the entity in federal court and was not authorized under state law to commence the case. Under these circumstances, the filing was not a petition "under section 301" within the meaning of the statute. The Debtor did not properly appear before this Court. While § 362(a) is automatic, it is triggered only upon the filing of a petition that properly invokes § 301. A procedurally unlawful filing made by an unauthorized non-lawyer purporting to act for an entity does not satisfy that statutory requirement.

To hold otherwise would mean that any individual — including one lacking corporate authority and lacking the legal capacity to represent the entity — could file a document purporting to commence a bankruptcy case and thereby automatically upend property rights, including completed foreclosure sales. That is not what Congress enacted in § 301 or § 362.

This is not a case of a technical pleading defect. It is the functional equivalent of permitting a stranger to file a bankruptcy petition on behalf of an entity and allowing that filing to invalidate a duly noticed and completed foreclosure sale. The Bankruptcy Code does not contemplate such a result.

The Court properly dismissed this case under § 1112(b). But dismissal alone does not resolve the structural defect. If the filing was not a valid petition under § 301, then the automatic

6

stay was never properly triggered under § 362(a), and the foreclosure sale was not void. The Court must reconsider and reissue its order rendering the petition void ab initio, which would revert the parties to their actual status quo and permit Movant to complete the foreclosure sale.

**C. In the Alternative, the Court Should Annul the Automatic Stay to Prevent Harm to Movant**

Section 362(d) provides that the Court shall grant relief from the automatic stay "such as by terminating, annulling, modifying, or conditioning such stay" for cause. 11 U.S.C. § 362(d). The term "annulling" is not surplusage; it authorizes retroactive relief validating actions taken in technical violation of the stay. *See In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994).

Courts within this Circuit treat annulment as an equitable determination guided by considerations including: notice of the bankruptcy filing, debtor misconduct or bad faith, prejudice to third parties, whether relief would have been granted if sought prospectively, and judicial economy. *See In re Stockwell*, 262 B.R. 275 (Bankr. D. Vt. 2001); *see also In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984) (annulment appropriate where filing was made in bad faith to frustrate foreclosure).

The stay should be annulled here.  The petition was hand-filed at approximately 10:38 a.m. on the morning of a duly noticed foreclosure auction. The auction commenced minutes earlier and concluded minutes later. Because the case was hand-filed at the clerk's office, the filing did not even appear on PACER until the following morning. The parties acted in complete good faith in conducting the foreclosure sale.

Movant and the secured lender acted in complete good faith, in contrast to the conduct of one of the Debtor's principals. The record is uncontroverted – the filing was unauthorized under the Debtor's constituent documents and the case was filed by a corporate debtor pro se – in violation of New York law. The case has now been dismissed. Had stay relief been sought, it

would have been granted. The absence of corporate authority alone establishes cause. The lack of equity in the property independently supports relief under § 362(d)(2). To deny annulment would impose substantial prejudice on that purchaser while rewarding the unauthorized timing of the filing.

Section 362(d) authorizes this Court to correct precisely this type of inequitable result.

## **CONCLUSION**

For the reasons set forth above, Movant requests that the Court (i) enter a revised dismissal order voiding the petition, (ii) in the alternative annulling the automatic stay nunc pro tunc to the petition date, and (iii) grant such other relief as the Court deems just and proper.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

Dated:    February 27, 2026                 MORRISON TENENBAUM PLLC

                                    By:   /s/ Lawrence F. Morrison
                                          Lawrence F. Morrison


                                          *Attorneys for Timur*
                                          *Akilov*